IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VIKRAM GAVINI, <br><br> Plaintiff, <br><br> v. <br><br> ACCESS TECHNOLOGY SOLUTIONS INC., an Illinois corporation, <br><br> Defendant. | No. _____ |

## COMPLAINT

Plaintiff, VIKRAM GAVINI, by and through his counsel, Taft Stettinius & Hollister LLP, for his Complaint against Defendant, ACCESS TECHNOLOGY SOLUTIONS INC., an Illinois corporation, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Vikram Gavini ("Gavini"), is an individual who maintains his principal place of residence in Los Angeles, California.

2. Upon information and belief, Defendant, Access Technology Solutions Inc. ("ATS") is a corporation organized and existing under the laws of the State of Illinois, which maintains its principal place of business in Chicago, Illinois.

3. This Court has personal jurisdiction over ATS because it transacts a substantial amount of its business within this District, and the wrongful acts complained of herein arise out of, and are related to, the business that ATS transacted and the acts that it has committed within this District.

4. Subject matter jurisdiction in this Court is founded upon diversity of citizenship. 28 U.S.C. § 1332(a). There is complete diversity among the parties because Plaintiff and

Defendant are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C§ 1391(b)(1) because Defendant resides in this District.

## GENERAL ALLEGATIONS

6. On or about November 17, 2014, ATS and Gavini negotiated an oral agreement for Gavini to be employed by ATS as a Senior Developer at the rate of $130,000 per year. *See* **Exhibit A** attached hereto. The oral agreement will be referred to herein as the "Agreement."

7. From November 17, 2014 until May 23, 2015 (the "Employment Period"), Gavini worked for ATS as a Senior Developer.

8. During the Employment Period, ATS Accounts Manager, Shalvi Khera, routinely requested and Gavini periodically submitted time cards and expense reimbursement requests to ATS.

9. The total time and expenses that Gavini incurred on behalf of ATS during the Employment Period is $83,130.51.

10. All of the work contemplated by the Agreement, together with all additional work requested by ATS, has been provided by Gavini and accepted by ATS.

11. ATS has raised no just cause or dispute over the amount due to Gavini or the quality of the work performed by Gavini, and it has otherwise accepted all of Gavini's work.

12. Despite Gavini's repeated demands upon ATS to remit payment to him, ATS has failed and refused to pay Gavini all final compensation due to him in exchange for his employment in the amount of $83,130.51.

## **COUNT I**
### (Breach of Contract)

13. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

14. The Agreement is valid and binding upon ATS.

15. Gavini supplied all of the labor that he was obligated to supply to ATS under the Agreement.

16. ATS accepted the benefits of the labor.

17. By failing and refusing to pay the amount due to Gavini under the Agreement, ATS has breached the Agreement.

18. ATS's breach of the Agreement has caused Gavini to be damaged in the amount of $83,130.51, plus interest, other sums, and costs of suit.

19. Gavini has performed all conditions precedent under the Agreement to entitle him to payment or, in the alternative, Gavini's obligations to perform further work have been excused given ATS's material breach of the Agreement by failing and refusing to pay Gavini substantial amounts due and owing to him.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant in an amount to be proven at trial, but in no event less than $83,130.51, plus interest, other sums due and owing, and costs of suit, and such other and further relief as this Court deems just and proper.

## COUNT II
**(Unjust Enrichment)**

20. Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

21. ATS directed Gavini to furnish labor as a Senior Developer for ATS's benefit.

22. ATS assured Gavini that he would be paid for the labor that he furnished for ATS's benefit.

23. Gavini did furnish labor for ATS's benefit with the reasonable expectation and reliance that ATS would render payment therefor.

24. ATS accepted the benefit of Gavini's labor with the knowledge, actual or chargeable, of Gavini's reasonable expectation of and reliance on payment.

25. ATS permitted Gavini to furnish labor to it without objection.

26. Despite Gavini's demands upon ATS for payment, ATS has failed to pay Gavini for labor that he furnished to ATS, the fair and reasonable value of which is $83,130.51.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court to enter judgment in its favor and against Defendant in an amount to be proven at trial, but in no event less than $83,130.51, plus interest, other sums due and owing, costs of suit, and such other and further relief as this Court deems just and proper.

DATED: November 17, 2016

Respectfully submitted,

**Vikram Gavini**

By: s/ Brianna M. Skelly            .
One of His Attorneys

John M. Riccione (#6209375)
jriccione@taftlaw.com
Brianna M. Skelly (#6298677)
bskelly@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011